AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| | ) | Case Number: 3:11-cr-00013-HDM-VPC |
| RYAN ROSS MCKENDRY-VERHUNCE | ) | |
| | ) | USM Number: 45768-048 |
| | ) | |
| | ) | Cynthia Hahn, AFPD |
| | | Defendant's Attorney |

**THE DEFENDANT:**

XX pleaded guilty to Counts <u>One, Two, Three, and Four and Forfeiture of Indictment filed 1/26/2011</u>

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
After a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Counts** |
| --- | --- | --- | --- |
| 18, U.S.C. §§922(g)(1) and 922(a)(2) | Felon in Possession of a Firearm | 5/5/2010 | 1, 2 and 4 |
| 26, U.S.C. §§5841, 5861(d) and 5971 Forfeiture | Possession of an Unregistered Short-Barreled Shotgun | 3/8/2010 | 3 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

☑ FILED   ___ RECEIVED
___ ENTERED   ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN - 6 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

January 4, 2012
Date of Imposition of Judgment

*/s/ Howard McKibben*
Signature of Judge

Howard D. McKibben, Senior U.S. District Judge
Name and Title of Judge

January 6, 2012
Date

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Judgment - Page __2__ of __6__

DEFENDANT: RYAN ROSS MCKENDRY-VERHUNCE
CASE NUMBER: 3:11-cr-00013-HDM-VPC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Seventy (70) Months, concurrent on all counts**.

XX    The court makes the following recommendations to the Bureau of Prisons:

**Recommendation for placement of Defendant at FCI Herlong.**

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ ☐ a.m. ☐ p.m. on _____.

     ☐ as notified by the United States Marshal.

XX    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     **XX at 12:00 p.m. on Monday, March 5, 2012.**

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____

_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

DEPUTY UNTIED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Judgment - Page __3__ of __6__

DEFENDANT: RYAN ROSS MCKENDRY-VERHUNCE
CASE NUMBER: 3:11-cr-00013-HDM-VPC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) Years, each count, concurrent.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

XX The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

XX The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RYAN ROSS MCKENDRY-VERHUNCE
CASE NUMBER: 3:11-cr-00013-HDM-VPC

## SPECIAL CONDITIONS OF SUPERVISION

(1) Possession of Weapon - The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

(2) Warrantless Search - The defendant shall submit to the search of his person, and any property, residence, or automobile under his control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

(3) Substance Abuse Treatment - The defendant shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing, and/or outpatient counseling, as approved and directed by the probation office. The defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon the defendant's ability to pay.

(4) Community Service - The defendant shall complete 100 hours of community service, as approved and directed by the probation officer.

(5) Report to Probation Officer, After Release from Custody - If not deported, the defendant shall report, in person, to the probation office in the district to which he is released within 72 hours of discharge from custody.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment - Page __5__ of __6__

DEFENDANT:       RYAN ROSS MCKENDRY-VERHUNCE
CASE NUMBER:     3:11-cr-00013-HDM-VPC

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS:** | $400.00 due and payable immediately | None | N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No.: 3:11-cr-00013-HDM-VPC<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | | |
| **TOTALS** | $_____ | $_____ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the ☐ fine ☐ restitution.

　　☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
    Sheet 6- Schedule of Payments

Judgment - Page __6__ of __6__

DEFENDANT: RYAN ROSS MCKENDRY-VERHUNCE
CASE NUMBER: 3:11-cr-00013-HDM-VPC

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    XX    Lump sum payment of $400.00 due immediately, balance due

    ☐    Not later than _____, or
    ☐    in accordance   ☐ C,   ☐ D,   ☐ E, or ☐ F below; or

**B**    ☐    Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

XX    The defendant shall forfeit the defendant's interest in the following property to the United States: See attached.
    **(1) a Savage, model 10, .243 caliber rifle, serial number F819031;**
    **(2) a Mossberg, model 185D, 20 gauge shotgun, with no visible serial number;**
    **(3) a Sig Sauer, model P220, .45 caliber pistol, serial number G193893; and**
    **(4) any and all ammunition.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 3:11-CR-013-HDM (VPC) |
| RYAN ROSS MCKENDRY-VERHUNCE, | ) |
| Defendant. | ) |

## PRELIMINARY ORDER OF FORFEITURE

This Court finds that on September 7, 2011, defendant RYAN ROSS MCKENDRY-VERHUNCE pled guilty to Counts One through Four of a Four-Count Criminal Indictment charging him in Counts One, Two, and Four with Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1) and in Count Three with Possession of an Unregistered Short-Barreled Shotgun, in violation of Title 26, United States Code, Sections 5841 and 5861(d). Docket #1, #20.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Forfeiture Allegation of the Criminal Indictment and the offense to which defendant RYAN ROSS MCKENDRY-VERHUNCE pled guilty.

The following assets are subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c):

    1.     A Savage, model 10, .243 caliber rifle, serial number F819031;

1   2.   A Mossberg, model 185D, 20 gauge shotgun, with no visible serial number;

2   3.   A Sig Sauer, model P220, .45 caliber pistol, serial number G193893; and

3   4.   Any and all ammunition ("property").

4   This Court finds the United States of America is now entitled to, and should, reduce the

5   aforementioned property to the possession of the United States of America.

6   NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the

7   United States of America should seize the aforementioned property.

8   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of

9   RYAN ROSS MCKENDRY-VERHUNCE in the aforementioned property is forfeited and is vested

10  in the United States of America and shall be safely held by the United States of America until further

11  order of the Court.

12  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America

13  shall publish for at least thirty (30) consecutive days on the official internet government forfeiture

14  website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state

15  the time under the applicable statute when a petition contesting the forfeiture must be filed, and state

16  the name and contact information for the government attorney to be served with the petition,

17  pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

18  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed

19  with the Clerk of the Court, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South

20  Virginia Street, 3rd Floor, Reno, NV 89501.

21  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any,

22  shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the

23  following address at the time of filing:

24  Greg Addington
    Assistant United States Attorney
25  100 West Liberty Street, Suite 600
    Reno, NV 89501

26  . . .

1   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein
2   need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency
3   following publication of notice of seizure and intent to administratively forfeit the above-described
4   property.

5   DATED this 13th day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE