1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                        **DISTRICT OF NEVADA**

10

11  UNITED STATES OF AMERICA,        )        3:11-cr-00013-HDM-VPC
                                     )
12                  Plaintiff,       )
                                     )        ORDER
13  vs.                              )
                                     )
14  RYAN ROSS McKENDRY-VERHUNCE,     )
                                     )
15                  Defendant.       )
    _____ )
16

17        The defendant has filed a motion to vacate, set aside, or

18  correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 64 & ECF No.

19  65).  The court has considered defendant's motion and hereby **DENIES**

20  the motion without further briefing.

21        Defendant asserts that he is entitled to relief under *Johnson*

22  *v. United States*, 135 S. Ct. 2551 (2015).  In *Johnson*, the Supreme

23  Court held that the residual clause of the Armed Career Criminal

24  Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.

25  Although defendant was not sentenced pursuant to the ACCA, he

26  received a higher base offense level under the United States

27  Sentencing Guidelines due to his having a prior "crime of

28  violence," the relevant definition of which contained a residual

1

similar to that of the ACCA.  Defendant asserts that in the absence
of the residual clause, his prior offense of robbery in violation
of Nevada Revised Statutes § 200.380 no longer qualifies as a crime
of violence and that he is therefore entitled to relief.

The Guideline provision applicable to defendant's offense is
U.S.S.G. § 2K2.1.  For purposes of § 2K2.1, "crime of violence" is
given the meaning contained in § 4B1.2(a) and Application Note 1 of
the Commentary to § 4B1.2.  U.S.S.G. § 2K2.1 app. n.1.  Under §
4B1.2(a) at the time defendant was sentenced, a crime of violence
was "any offense under federal or state law, punishable by
imprisonment for a term exceeding one year, that (1) has as an
element the use, attempted use, or threatened use of physical force
against the person of another, or (2) is burglary of a dwelling,
arson, or extortion, involves use of explosives, *or otherwise
involves conduct that presents a serious potential risk of physical
injury to another*."  The final part of the definition – the
italicized portion – was the residual clause.  Under the
application notes, a "crime of violence" included robbery.  *Id.* §
4B1.2 app. n. 1.

Even assuming *Johnson* applies to the Guidelines, and that it
does so retroactively on collateral review, defendant's claim for
relief under current Ninth Circuit case law fails.  The Ninth
Circuit has held that robbery in violation of § 200.380 is
categorically a crime of violence under § 4B1.2.  *United States v.
Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009).  *Harris* relied on an
earlier Ninth Circuit decision, *United States v. Becerril-Lopez*,
541 F.3d 881, 892 (9th Cir. 2008), which held that robbery under
California Penal Code § 211 categorically qualified as a crime of

violence under U.S.S.G. § 2L1.2.  "Crime of violence" in § 2L1.2 is defined in the application notes to include robbery and extortion. In both cases, the Ninth Circuit held that although robbery under the state law was broader than the generic definition of robbery, any conduct that did not satisfy the generic definition of robbery necessarily satisfied the generic definition of extortion, and both robbery and extortion were included in the definition of crime of violence.  These opinions have not been overturned by either the Ninth Circuit or the Supreme Court and in fact are continuing to be applied in unpublished Ninth Circuit decisions. *See United States v. Alcaraz*, 2016 WL 6471774, at *1 (9th Cir. Nov. 2, 2016) (Nev. Rev. Stat. § 200.380); *United States v. Cordova-Gonzalez*, 2016 WL 5724298, at *1 (9th Cir. Oct. 3, 2016) (Nev. Rev. Stat. § 200.380); *United States v. Tate*, 2016 WL 4191909 (9th Cir. Aug. 9, 2016) (Cal. Penal Code § 211).  Accordingly, the court concludes that, at this time, *United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009) controls, and defendant's prior offense of robbery in violation of § 200.380 is still a crime of violence – with or without the residual clause. For that reason, defendant is not entitled to any relief, and his motion to vacate under 28 U.S.C. § 2255 (ECF No. 64 and ECF No. 65) is **DENIED.**

IT IS SO ORDERED.

DATED: This 4th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE

3